UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GWENEL M. BETRECE                                       CIVIL ACTION

VS.                                                     NO. 2:19-cv-

UNUM LIFE INSURANCE COMPANY OF AMERICA

**COMPLAINT**

The Complaint of Gwenel M. Betrece respectfully alleges:

1. This is a claim for ERISA long term disability benefits.

2. This Court has jurisdiction and venue under 29 U.SC. Sec. 1001 et. Seq; 29 U.S.C. Sec. 1132(e)(1)(2).

3. **Plaintiff, Gwenel M. Betrece,** of lawful age and a resident of Baton Rouge, Louisiana, is a plan participant and beneficiary of an ERISA plan created by her employer, Blue Cross and Blue Shield of Louisiana and an insured participant of a group disability policy issued by Unum Life Insurance Company of America.

4. **Defendant, Unum Life Insurance Company of America ("UNUM"),** is a foreign corporation, doing business in Louisiana. Upon information and belief, UNUM is incorporated in Portland, Maine, and its principal place of business is in the state of Maine.

5. UNUM issued a group policy insuring the employees of Blue Cross and Blue Shield of Louisiana. Plaintiff is a beneficiary and insured under the policy.

6. ERISA mandates that all plan administrators discharge their duties in the interest of plan participants and beneficiaries. 29 USC Sec. 1104(a)(1).

7. Plaintiff filed a claim for disability benefits with the Plan because her medical condition precludes her from continuing to perform the duties of her job as a department manager on a fulltime basis. She suffers from oscillopsia with chronic vertigo and symptoms such as

dizziness, numbness, vertigo, weakness, loss of balance, pain, headaches, vision disturbances, among other debilitating symptoms.

8.  Plaintiff is disabled under the terms of the disability policy issued by UNUM.

9.  Plaintiff has been determined to be disabled by the Social Security Administration and is receiving Social Security disability benefits.

10. UNUM unlawfully denied Plaintiff benefits she is entitled to under terms of the disability policy.

11. Plaintiff appealed the denial, but UNUM upheld its previous decision.

12. UNUM's denials are based on insubstantial evidence and are arbitrary and an abuse of discretion.

13. Plaintiff has exhausted her administrative remedies and now files this suit to reverse UNUM's denial of benefits.

14. UNUM has abused its discretion as plan administrator by denying Plaintiff's claim for disability benefits in bad faith.

15. UNUM has abused its discretion by failing to consider the disabling, synergistic effect of all of Plaintiff's medical conditions.

16. UNUM has abused its discretion by failing to consider her medical condition in relation to the actual duties of her occupation.

17. UNUM administered Plaintiff's claim with an inherent and structural conflict of interest as UNUM is liable to pay benefits from its own assets to Plaintiff, and each payment depletes UNUM's assets.

18. UNUM has failed to give the policy and Plan a uniform construction and interpretation.

19.  UNUM chooses to conduct reviews of denied claims in order to maintain strict control over its risk of loss and to maintain higher profit margins than if a financially independent third party decided the appeals.

20. As a routine business practice, UNUM uses the appeals process to support initial benefit denials rather than to review impartially whether it should reverse appealed denials.

21. Plaintiff has been denied the benefits due to her under the Plan, has suffered, and is continuing to suffer economic loss as a result.

22. Plaintiff is entitled to an award of interest on all money that Defendants should have paid to Plaintiff.

23. Defendants' denial has required Plaintiff to hire attorneys to represent her in this matter to recover benefits due to her under the Plan.

24. The standard of review in this matter is de novo.

**WHEREFORE**, Plaintiff prays for judgment against each Defendant as follows:

1.  For all benefits due Plaintiff in the past and future under the Plan, plus pre- and post-judgment interest;

2.  For all reasonable attorney fees;

3.  For costs of suit; and

4.  For all other relief as the facts and law may provide.

Respectfully submitted,

/s/ Reagan Toledano
Willeford & Toledano
Reagan L. Toledano (La. 29687)(T.A.)
James F. Willeford (La. 13485)
201 St. Charles Avenue, Suite 4208
New Orleans, Louisiana 70170

(504) 582-1286; (f) (313)692-5927
rtoledano@willefordlaw.com